US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

NOV 22 2016

DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BARBARA FRANCE**                                                                    **PLAINTIFF**

VS.                                  CASE NO. 16-5337 TLB

**MITCHELL SHOBERT; MAY TRUCKING**
**COMPANY; JOHN DOES 1-5**                                               **DEFENDANTS**

## NOTICE OF REMOVAL AND JURY DEMAND

Pursuant to 28 U.S.C. §§ 1441 and 1446, Separate Defendant, May Trucking Company (hereinafter referred to as "Separate Defendant May") and Separate Defendant Mitchell Shobert (hereinafter referred to as "Separate Defendant Shobert") (collectively "Defendants") hereby file this Notice of Removal of this case from the Circuit Court of Benton County, Arkansas, and Defendants' short and plain statement of the grounds for Removal is as follows:

1. On October 19, 2016, Plaintiff filed her Complaint in the Circuit Court of Benton County, Arkansas. The Complaint was served on Separate Defendant May and Separate Defendant Shobert when their undersigned counsel was authorized to accept service of process and notified Plaintiff's counsel regarding May and Shobert's acceptance of service of process on Thursday, November 17, 2016. As required by 28 U.S.C. § 1446(a), copies of all "process, pleadings and orders served upon each such defendant" are attached as Exhibit A.

2. Separate Defendant May is an Idaho corporation with its principal place of business in Salem, Oregon.

3. Separate Defendant Shobert is a resident and citizen of the State of Oregon.

4. Any civil action filed in state court over which the federal district courts would have original jurisdiction may be removed. 28 U.S.C. § 1441(a). This lawsuit arises out of an alleged accident in which Plaintiff alleges negligence and claims damages in excess of the jurisdictional limit. See Exhibit A, Complaint.

5. This matter is removable because this Court has original subject matter jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332(a)(1) and (2).

### A. The Matter Is Between Citizens Of Different States.

6. Complete diversity of citizenship exists between Plaintiff and Separate Defendants May and Shobert.

7. Plaintiff, Barbara France is a resident and citizen of the State of Arkansas. See Exhibit A, Complaint.

8. Separate Defendant May is an Idaho corporation with its principal place of business in Salem, Oregon, and is not considered a resident of the State of Arkansas pursuant to 28 U.S.C. § 1332(c)(1).

9. Separate Defendant Shobert is a citizen and resident of the State of Oregon.

### B. Notice Of Removal Was Filed Within The 30-Day Limit Required By 28 U.S.C. § 1446(b) And All Procedural Requirements Have Been Met.

10. Plaintiff's Complaint was filed on October 19, 2016, and Separate Defendant May and Separate Defendant Shobert were properly served with the Summons and Complaint on Thursday, November 17, 2016.

11. This notice was timely filed within 30 days of Defendants' receipt of the Complaint, as required by 28 U.S.C. §1446(b), for timely removal.

12. Pursuant to 28 U.S.C. §1446(b)(2)(A), Separate Defendant May consents to removal of this action to the U.S. District Court for the Western District of Arkansas.

13. Pursuant to 28 U.S.C. §1446(b)(2)(A), Separate Defendant Shobert consents to removal of this action to the U.S. District Court for the Western District of Arkansas.

14. Defendants have complied with all applicable requirements and procedures for removal set forth in 28 U.S.C. § 1446, and Defendants are hereby giving prompt notice of this Removal to the Plaintiff, Barbara France, and to the Circuit Court of Benton County, Arkansas by filing a copy of this Notice of Removal with the Circuit Court.

### C. The Amount In Controversy Exceeds $75,000.00, Exclusive Of Interests and Costs, As Required by 28 U.S.C. § 1332(a).

15. The amount in controversy in this case exceeds $75,000.00, satisfying the requirements of 28 U.S.C. § 1332(a). *See Haynes v. Louisville Ladder Group, LLC*, 341 F.Supp.2d 1064, 1067-68 (E.D. Ark. 2004) (stating that "the [Arkansas Supreme Court] made clear . . . that [Arkansas] does not prevent a Plaintiff who seeks an unspecified amount in liquidated damages from recovering in excess of the jurisdictional minimum trial").

16. Pursuant to the provisions of 28 U.S.C. §1441(a), the United States District Court for the Western District of Arkansas is the federal district court for the district embracing the place where the state court suit is pending.

17. This Court has original jurisdiction of this matter on the basis of diversity, and removal to this Court is proper. 28 U.S.C. § 1332.

## DEMAND FOR A JURY TRIAL

18. Separate Defendants May and Shobert demand a trial by jury on all issues triable by a jury herein.

> MAY TRUCKING COMPANY and MITCHELL SHOBERT, Defendants
>
> EVERETT WALES & COMSTOCK
> 1944 E. Joyce Blvd.
> P.O. Box 8370
> Fayetteville, Arkansas 72703
> Telephone: (479) 443-0292
> Fax: (479) 443-0564
>
> By:   /s/ Christy Comstock
> Christy Comstock
> Bar No. 92246
> Christy@everettfirm.com

## CERTIFICATE OF SERVICE

I, Christy Comstock, state that I deposited in the United States Mail, postage prepaid, a true and correct copy of the above and foregoing, and additionally emailed the pleading to the following on this 22rd day of November, 2016:

***Plaintiffs' Counsel***
Sean T. Keith
Keith Miller Butler Schneider & Pawlik, PLLC
224 S. 2nd Street
Rogers, AR 72756

/s/ Christy Comstock
Christy Comstock