## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

**BARBARA FRANCE**                                                          PLAINTIFF

**v.**                              Case No. CQ116-1568-5

**MITCHELL SHOBERT; MAY TRUCKING
COMPANY; JOHN DOES 1-5**                                          DEFENDANTS



### COMPLAINT

Plaintiff Barbara France, through undersigned counsel, offers the following for her

Complaint against Defendants Mitchell Shobert, May Trucking Company, and John Does 1-5:

### INTRODUCTION

1.      This is an action for ordinary negligence, negligent hiring, negligent training,

negligent supervision, negligent retention, and for punitive damages, stemming from a collision

occurring on October 23, 2013, in Benton County, Arkansas.

### PARTIES

2.      Defendant May Trucking Company ("May Trucking") is a corporation with its

principle place of business at 4185 Brooklake Rd. N.E., Salem, Oregon, 97305. It may be served

through its registered agent for service of process, Gordon T. Carey, 1020 S.W. Taylor St., Suite

375, Portland, Oregon, 97205.

3.      Defendant Mitchell Shobert ("Shobert") is and at all relevant times was a citizen of

Oregon and a resident of Douglas County, Oregon. On October 23, 2013, Shobert was the driver

of a Gray 2012 Freightliner Semi-Tractor Trailer.

4.      At the time of the incident giving rise to this action, Shobert was an agent, servant, and/or employee of May Trucking. At the time of the incident giving rise to this action, Shobert was acting within the scope of his agency and/or employment, and under the control of May Trucking.

5.      As a result of the relationship between Shobert and May Trucking, all alleged acts, omissions, negligence, and recklessness of Shobert set forth in this Complaint are imputed to May Trucking under the doctrine of *respondeat superior*.

6.      Plaintiff Barbara France ("Plaintiff" or "France") is and at all relevant times was a citizen of Arkansas and a resident of Benton County, Arkansas. On October 23, 2013, she was the properly restrained driver of a 2008 Black Chevrolet Suburban.

7.      Defendant John Does 1-5 are tortfeasors whose identities are presently unknown. Pursuant to Ark. Code Ann. § 16-56-125, upon determining the identity of any unknown tortfeasor(s), Plaintiff will amend this Complaint by substituting the real name for the pseudonym.

8.      Plaintiff has attached as Exhibit 1 the affidavit of Plaintiff's attorney, stating that the identity of the tortfeasor(s) is unknown.

## JURISDICTION AND VENUE

9.      Jurisdiction is proper pursuant to Ark. Code Ann. § 16-13-201, which states that circuit courts have original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution.

10.     Venue is proper pursuant to Ark. Code Ann. § 16-60-112, which states that personal injury actions shall be brought in the county where the accident occurred or in the county where the person injured resided at the time of injury.

## FACTS

11.     Some time prior to October 23, 2013, May Trucking hired Shobert to drive and operate one of the tractor-trailer rigs it sends throughout the country.

12.     On October 23, 2016, Plaintiff was travelling south on the inside lane of Interstate 540 (present-day Interstate 49), approximately a quarter-mile north of the Pleasant Grove Road exit in Benton County, Arkansas.

13.     Plaintiff slowed her vehicle in response to traffic, which was increasing due to a separate accident being worked by an Arkansas State Trooper on the outside lane.

14.     Shobert, operating an eighteen-wheeler as part of his employment with May Trucking, collided with the rear of Plaintiff's vehicle.

15.     Plaintiff went to the Mercy Hospital Emergency Room within an hour of impact, where she was diagnosed with acute whiplash injury, neck muscle weakness, and a sprain of the thoracic region.

16.     Since that time, Plaintiff has continued to experience injuries including but not limited to severe neck, back, and leg pain due to sprains and strains in her cervical and thoracic spinal regions, lumbar disc displacement, sciatic nerve injury, and muscle weakness, requiring treatment including but not limited to surgery under general anesthesia, physical therapy, injections, and pain medications.

## COUNT I - ORDINARY NEGLIGENCE

17.     Plaintiff hereby incorporates all preceding paragraphs.

18.     At the time of impact, the ordinary negligence of Defendant Shobert, and May Trucking by *respondeat superior*, included, but was not limited to:

a)   Driving too fast for conditions, in violation of Ark. Code Ann. § 27-51-201;

b) Failing to control the speed of the vehicle as was necessary to avoid a collision, in violation of Ark. Code Ann. § 27-51-201;

c) Failing to keep a proper lookout in violation of Ark. Code Ann. § 27-51-104;

d) Failing to keep the vehicle under proper control in violation of Ark. Code Ann. § 27-51-104;

e) Following Plaintiff's car more closely than was reasonable and prudent, as evidenced by the rear-end collision, in violation of Ark. Code Ann. § 27-51-305;

f) Failing to operate a commercial vehicle in accordance with the applicable laws and regulations, in violation of Title 49, Code of Federal Motor Carrier Regulations, § 392.2;

g) Failing to use of the highest degree of care; and

h) Engaging in careless and prohibited driving.

19.    As a result of this negligence, Plaintiff was injured and suffered damages as described herein.

## COUNT II - NEGLIGENT HIRING

20.    Plaintiff hereby incorporates all preceding paragraphs.

21.    May Trucking had a duty to have adequate policies and procedures in place to ensure it hired trained, qualified, and competent drivers.

22.    Upon information and belief, May Trucking breached its duty when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the hiring of drivers who were neither qualified nor competent to perform the duties of driving and maintaining a commercial vehicle.

23.     The facts of this incident, as described above, demonstrate that Shobert was neither qualified nor competent to perform the duties of driving and maintaining a commercial vehicle, including but not limited to the duty to maintain control of his tractor-trailer and to keep a proper distance, as well as to employ proper avoidance maneuvering and other basic professional driving techniques that would have prevented the collision with Plaintiff.

24.     As a result of this negligence, Plaintiff was injured and suffered damages as described herein.

## COUNT III - NEGLIGENT TRAINING

25.     Plaintiff hereby incorporates all preceding paragraphs.

26.     May Trucking had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently trained its drivers.

27.     Upon information and belief, May Trucking breached its duty when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate training of drivers who were not qualified and competent to perfonn the duties of driving and maintaining a commercial vehicle.

28.     The facts of this incident, as described above, demonstrate that Shobert was not trained in, among other things, how to properly maintain control of his tractor-trailer, how to keep a proper distance, avoidance maneuvering, and other basic professional driving techniques that would have prevented the collision with Plaintiff.

29.     As a result of this negligence, Plaintiff was injured and suffered damages as described herein.

## COUNT IV - NEGLIGENT SUPERVISION

30.     Plaintiff hereby incorporates all preceding paragraphs.

31.     May Trucking had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently supervised qualified and competent drivers.

32.     Upon information and belief, May Trucking breached its duty when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate supervision of its drivers.

33.     The facts of this incident, as described above, demonstrate that May Trucking failed to adequately supervise its drivers to ensure, among other things, that those drivers properly maintained control of their tractor-trailers, kept a proper distance, employed proper avoidance maneuvering and other basic professional driving techniques that would have prevented the collision with Plaintiff.

34.     As a result of this negligence, Plaintiff was injured and suffered damages as described herein.

## COUNT V - NEGLIGENT RETENTION

35.     Plaintiff hereby incorporates all preceding paragraphs.

36.     May Trucking had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently retained only qualified and competent drivers.

37.     Upon information and belief, May Trucking breached its duty when it chose not to have in place, and/or chose not to follow, proper policies and procedures resulting in the retention of unqualified and/or incompetent drivers.

38.     The facts of this incident, as described above, demonstrate that Shobert was neither qualified nor competent to perform the duties of driving and maintaining a commercial vehicle,

including but not limited to the duty to maintain control of his tractor-trailer and to keep a proper

distance, as well as to employ proper avoidance maneuvering and other basic professional driving

techniques that would have prevented the collision with Plaintiff; he was nonetheless retained by

May Trucking.

39.     As a result of this negligence, Plaintiff was injured and suffered damages as

described herein.

## DAMAGES

40.     Plaintiff hereby incorporates all preceding paragraphs.

41.     As a result of the negligent conduct described herein, Plaintiff is entitled to an

award for the following economic and non-economic damages:

a)  Medical expenses;

b)  Lost wages;

c)  Lost earnings capacity;

d)  Travel expenses;

e)  Loss of enjoyment of life;

f)  Pain and suffering;

g)  Mental anguish; and

h)  All other damages afforded under Arkansas law and deemed applicable by the

Arkansas Model Jury Instructions or the Court.

## PUNITIVE DAMAGES

42.     Plaintiff hereby incorporates all preceding paragraphs.

43.     Based upon the facts stated above, Shobert and May Trucking knew, or ought to

have known, in light of the surrounding circumstances that their conduct would naturally and

probably result in injury to the public, but they continued such conduct in reckless disregard of the consequences, from which malice may be inferred.

44.    Plaintiff therefore requests punitive damages in an amount sufficient to punish the Defendants' knowingly reckless conduct and maliciousness towards all individuals on the roadways, and to deter them and other wrongdoers from similar conduct in the future.

## JURY TRIAL DEMANDED

45.    Plaintiff demands a trial by jury.

46.    Plaintiff seeks judgment in in an amount in excess of the amount necessary for federal jurisdiction in diversity of citizenship cases.

47.    Plaintiff reserves the right to amend this Complaint by including, among other things, additional counts and facts supportive of compensatory and/or punitive damage claims as discovery develops.

For these reasons, Plaintiff asks for judgment against the Defendants in an amount in excess of the amount necessary for federal jurisdiction in diversity of citizenship cases, the exact amount to be determined by a jury; for punitive damages; for attorneys' fees and costs of this litigation; and for all other relief to which the Plaintiff may be entitled.

Dated this 19th day of October, 2016.

Respectfully Submitted,
Barbara France, Plaintiff

By:  _____
Sean T. Keith, Ark. Bar No. 93158
Mason L. Boling, Ark. Bar No. 2014172
KEITH, MILLER, BUTLER, SCHNEIDER
& PAWLIK, PLLC
224 S. 2nd Street
Rogers, AR 72756

Ph. (479) 621-0006
Fax (479) 631-6890
skeith@arkattorneys.com
mboling@arkattorneys.com

*Attorneys for Plaintiff*